```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


THE MOBILE WASHINGTON (MOWA)      )
BAND OF THE CHOCTAW INDIAN        )
TRIBE, et al.,                    )
                                  )
     Plaintiffs,                  )
                                  )
vs.                               )   CIVIL ACTION 08-00413-WS-B
                                  )
SUNBELT RESOURCES, INC.,          )
et al.,                           )
                                  )
     Defendants.                  )
                                  )
v.                                )
                                  )
CINCINNATI INSURANCE CO.,         )
                                  )
     Third Party Defendant.       )
```

## REPORT AND RECOMMENDATION

This case is before the Court on Third Party Defendant Cincinnati Insurance Co.'s Motion to Sever and Remand (Doc. 3), Plaintiffs The Mobile Washington (MOWA) Band of the Choctaw Indian Tribe, Shelby Hodge and Cherry Smith's Motion to Remand (Doc. 5), and Defendants/Third Party Plaintiffs Sunbelt Resources, Inc., S.T. Bunn, Jr., Terry Bunn and Robert Jamision's Motion to Remand (Doc. 6).  The motions were referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Based upon a careful review of the parties' motions, supporting briefs, and the briefs in opposition, the undersigned RECOMMENDS that Third Party Defendant Cincinnati Insurance Co.'s Motion to Sever and Remand be

1

DENIED, that Plaintiffs and Defendants/Third Party Plaintiffs' Motions to Remand be GRANTED, and that this case be REMANDED to the Circuit Court of Mobile County.

I. **Background**

Plaintiffs The Mobile Washington (MOWA) Band of the Choctaw Indian Tribe, Shelby Hodge and Cherry Smith filed suit on June 30, 2005, against Sunbelt Resources, Inc., Vulcan Industrial Services, LLC, and fictitious defendants in the Circuit Court of Mobile County, Alabama. (Doc. 1, Ex. 1)[1]. In their Complaint, Plaintiffs allege that The Mobile Washington (MOWA) Band of the Choctaw Indian Tribe (hereinafter "MOWA") is an Indian tribe recognized by the State of Alabama with property located in Mobile and Washington Counties, Alabama, and that Plaintiffs Hodge and Smith are resident citizens of Mobile County, Alabama.

According to Plaintiffs, Defendants Mike Crocker, S.T. Bunn, Jr., Terry Bunn and David Jamison own and operate Sunbelt Resources and Vulcan Industrial Services, LLC, that MOWA entered into lease agreements with Defendants Sunbelt Resources and Vulcan Industrial Services, LLC, and that the leases afforded Defendants the right to operate an incineration plant for non-hazardous waste on the MOWA's tribal property. Plaintiffs further assert that notwithstanding the terms of the lease, Defendants, in their operation of the incineration plant, allowed hazardous and toxic substances to be

---

[1]Plaintiffs amended their Complaint on May 5, 2007, to correct Cherry Smith's name and to add as Defendants Mike Crocker, S. T. Bunn, Jr., Terry Bunn and David Jamison. (Doc. 1, Ex. 2).

discharged on the plant site, and such has resulted in the contamination of MOWA's tribal lands, as well as the properties of Plaintiffs Hodge and Smith, and other nearby and adjacent land owners, with dangerous chemical substances. Plaintiffs contend that Defendants failed to use reasonable care to safeguard those residing on nearby properties from the hazardous and toxic substances that have been discharged into the soil, surface water, air, wildlife, and ground water.

On June 18, 2008, Defendants Sunbelt Resources, Inc., S.T. Bunn, Jr., Robert Jamison, and Terry Bunn filed a third party action against Cincinnati Insurance Co. for breach of contract, bad faith and specific performance. (Doc. 1, Ex. 5). The crux of Defendants' Third Party Complaint is that Cincinnati Insurance Co. (hereinafter "Cincinnati") allegedly breached its insurance contracts with Defendants Sunbelt Resources, Inc., S.T. Bunn, Jr., Robert Jamison, and Terry Bunn by failing and refusing to defend and indemnify them in the underlying contamination case.

Third Party Defendant Cincinnati Insurance Co., on July 16, 2008, filed a Notice of Removal (Doc. 1) removing both the underlying contamination case and the third party insurance dispute to this Court. In its Notice, Cincinnati asserts that this Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiffs and Cincinnati and between Sunbelt Resources and Cincinnati. Cincinnati further asserts that the amount in controversy exceeds the threshold amount of $75,000.

On July 21, 2008, Cincinnati filed a Motion to Sever and Remand

(Doc. 3). In its motion, Cincinnati contends that it was improperly joined as a third party defendant in the state action because Rule 18(c) of the Alabama Rules of Civil Procedure provides that "in no event shall this rule ... permit a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured." (Doc. 3, p. 3). According to Cincinnati, it had no choice but to remove the entire case to federal court because it was not likely that it would have been able to obtain an order severing the insurance dispute before expiration of the thirty day period for removal provided by § 1446(b). Cincinnati relies on Carl Heck Eng'rs, Inc. v. LaFourche Parish Police Jury, 622 F.2d 133, 134-135 (5th Cir. 1980), for the proposition that third party defendants, such as Cincinnati, may remove an action based on diversity jurisdiction "where a separate and independent controversy is stated." (Doc. 3, p. 3). Thus, Cincinnati maintains that it was proper to remove the entire action to federal court, and then have the federal court determine the coverage issue while remanding the underlying contamination claim back to state court.

Plaintiffs filed a Motion to Remand (Doc. 5) on July 23, 2008. In their motion, Plaintiffs argue that there is no complete diversity of citizenship between Plaintiffs and Defendants, that all Defendants did not join in the removal as required by statute, that no federal question jurisdiction exists, and that the Notice of Removal was not filed within one year of the filing of the action. Plaintiffs also request the imposition of costs and damages against Cincinnati for the improper removal.

Defendants/Third Party Plaintiffs Sunbelt Resources, Inc., S.T. Bunn, Jr., Terry Bunn and Robert Jamision filed a Motion to Remand (Doc. 6) on July 24, 2008. Defendants argue that pursuant to 28 U.S.C. § 1446(b), no action can be removed more than a year after filing; thus, Cincinnati's removal of this action, which originally commenced in state court on January 30, 2006, was improper since it was well beyond the one-year limitation. Defendants further assert that Third Party Defendant Cincinnati is not a "defendant" entitled to remove an action within the meaning of 28 U.S.C. § 1441(a). Defendants also argue that complete diversity does not exist, as all of the Plaintiffs and all of the Defendants/Third Party Plaintiffs are citizens of the state of Alabama. Defendants further argue that Cincinnati's reliance on Carl Heck Eng'rs, Inc. v. LaFourche Parish Police Jury is misplaced because the amendment to § 1441(c), which was added following the Carl Heck decision, clearly provides that a "separate and independent claim" can justify removal only if that claim is within the jurisdiction conferred by 28 U.S.C. § 1331, i.e., federal question jurisdiction.

## II.     Discussion

Federal Courts have limited subject matter jurisdiction, and are empowered to decide only certain types of cases. See Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). In particular, lower federal courts can hear only cases for which Congress has granted them jurisdiction. Once a federal court determines that no grant of jurisdiction applies in a particular case, it must immediately dismiss the case for lack of jurisdiction.

See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

Removal statutes are construed narrowly, and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim."). In removal actions, the removing party bears the burden of establishing jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." Id. A defendant may remove an action from state court to federal court only if the action is one over which the federal court possesses subject-matter jurisdiction. See 28 U.S.C. § 1441(a).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). It is well established that the diversity statute requires "complete diversity" of citizenship. A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glens Hills LP, 355 F.3d 853, 857 (5th Cir. 2003)(citations omitted). Additionally, "all defendants

must join in a removal petition in order to effect removal." Newman v. Spectrum Stores, Inc., 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000). See also Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1049 (llth Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court.").

As noted supra, this action was removed by Third Party Defendant Cincinnati; thus, the first question to be resolved is whether a third party defendant may properly remove an action to federal court. The removal statute, 28 U.S.C. § 1441, states, in relevant part:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action in pending.

28 U.S.C. § 1441(a). The majority of courts addressing the question of whether a third-party defendant is a "defendant" within the meaning of the statute, and therefore entitled to initiate removal, have overwhelmingly concluded that such third party defendants are not defendants entitled to remove under §1441(a). See, e.g., First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 461 (6th Cir. 2002)("Having carefully considered the issue, we conclude that neither § 1441(a) nor § 1441(c) provides third-party defendants with the right to remove a case to federal court."); Penn v. Pierce,

2008 U.S. Dist. LEXIS 73890 (M.D. Ala. Sept. 25, 2008)("The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove.")(quoting J. Moore, Moore's Federal Practice 3d § 107.11[1][b][iv], at 107-35); Moss Land and Mineral Corp. v. Fid. and Cas. Co. of New York, 2003 U.S. Dist. LEXIS 9940 (N.D. Ala. June 6, 2003)("Fidelity's status as a cross-claim defendant did not change magically at the moment of the dismissal of the original action. No metamorphosis took place to make the ugly non-removable caterpillar into a beautiful removable butterfly."); Sanford v. Premier Millwork & Lumber Co., 234 F. Supp. 2d 569, 571 (E.D. Va. 2002)("[T]he majority rule, and ... better view, is that third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remove under § 1441(a)."); Wright, Miller & Cooper, 14C Federal Practice & Procedure § 3731 (Third-party defendants brought into state action by the original defendant cannot exercise the right of removal).

Courts embracing the majority view have reasoned that it is an unwarranted extension of the federal judicial power to allow a third party defendant, who is unconnected to the original action, to bring into a federal court, a suit between the original parties which has no independent basis for federal jurisdiction. BJB Co. v. Comp Air Leroi, 148 F. Supp. 2d 751, 753 (N.D. Tex. 2001). Courts have

further reasoned that the Supreme Court has interpreted the word "defendant" in §1441 narrowly, to exclude related parties such as counter-defendants, and has admonished that the removal statute is to be construed narrowly due to federalism concerns. Curry, 301 F. 3d at 462 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)). The Eleventh Circuit has not directly addressed this issue of third party removals; however, based upon the well-reasoned majority view, the undersigned finds that third party defendants, such as Cincinnati, are not entitled to exercise the right of removal.

Although Cincinnati acknowledges the majority view, in its motion and briefs, it asserts that third party defendants are entitled to remove actions and relies upon the Fifth Circuit's opinion in Carl Heck. According to Cincinnati, the Carl Heck decision, which was issued before the separation of the Eleventh Circuit from the old Fifth Circuit, is still binding on this court because it has not been overruled, and it recognizes a third party defendant's right to remove an action to federal court. In Carl Heck, the defendant in a state court action, filed a third party claim that would have been removable if it had been sued upon alone. The trial court held that although the original case was not removable, the entire case over which it had no independent basis for jurisdiction could be removed pursuant to § 1441. The trial court, in exercising its discretion, severed the third party action,

9

and remanded the main action to state court.  Carl Heck, 622 F.2d at 135.  On appeal, the Fifth Circuit held that the trial court did not err in allowing the removal of the entire case under § 1441(c) and in exercising its discretion to sever the third party claim and to remand the main action to state court.

Following the Carl Heck decision,  28 U.S.C. § 1441(c) was amended.  At the time of the Carl Heck decision, the statute provided that "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed, and the district court may determine all issues therein, or in its discretion, may remand all matters not otherwise within its original jurisdiction."  Following the Carl Heck decision, the language in the statute was amended as follows: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [i.e., federal jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed, and the district court may determine all issues therein, or in its discretion, may remand all matters in which state law predominates."  28 U.S.C. § 1441(c).  Thus, "[u]nder the current version of § 1441(c), a separate and independent claim can justify removal only if that claim is within the jurisdiction conferred by ... §1331, i.e. federal question jurisdiction."  Auto Transportes

10

Gacela S.A. De C.V. v. Border Freight Distrib. & Warehouse, Inc., 792 F. Supp. 1471, 1472 (S.D. Tex. 1992).  In light of the amendment to 1441(c), the Carl Heck decision is of no value to Cincinnati in this case as the entire basis of their removal request is diversity jurisdiction.

Additionally, it is significant that § 1446(b) provides in relevant part that a case may not be removed on the basis of jurisdiction conferred by § 1332 (i.e., diversity) of this title more than one year after commencement of the action. 28 U.S.C. § 1446(b).  With respect to this one-year limitation provision contained in  28 U.S.C. § 1446(b), the Eleventh Circuit has held that this limitation only applies to cases that were not removable to federal court when they were originally filed.  Carter v. Frito-Lay, Inc., 144 Fed. Appx. 815 (11th Cir. 2005); see also Johnson v. Heublein, Inc., 227 F.3d 236 (5th Cir. 2000)("Accordingly, the parties, the district court, and this court agree that, because the present case was removable upon its initial pleading, the Co-defendants' ultimate removal of this case is not governed by the second paragraph of § 1446(b) or its one-year limitation.").  In this case, there is no dispute that Plaintiffs' lawsuit against Defendants was not removable at the time that it was filed because Plaintiffs and Defendants are all deemed citizens of the State of Alabama.  Thus, § 1446(b)'s one-year limitation is applicable and bars any attempt by Third Party Defendant Cincinnati to remove this

11

action nearly two years after it was initially filed in state court.

The last issue to be addressed in Plaintiffs' request for the imposition of costs and damages for the improper removal. Attorney's fees, costs, and expenses may be awarded on a motion to remand "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). In Martin, the Supreme Court set forth that the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id.

While Plaintiffs and Defendants/Third Party Plaintiffs have requested attorney fees, they have not presented specific facts which demonstrate that Cincinnati's position was so unreasonable that sanctions are warranted. Thus, the undersigned finds that they have failed to carry their burden in this regard.

### III.    Conclusion

For the reasons discussed herein, the undersigned RECOMMENDS that Third Party Defendant Cincinnati Insurance Co.'s Motion to Sever and Remand be DENIED, that Plaintiffs and Defendants/ Third Party Plaintiffs' Motions to Remand be GRANTED, and that this case be REMANDED to the Circuit Court of Mobile County.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the **10th** day of **December, 2008.**

                                   **/s/ Sonja F. Bivins**
                                 **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **10th** day of **December, 2008.**

>                                         **/s/ SONJA F. BIVINS**
>                                         **UNITED STATES MAGISTRATE JUDGE**